UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No:

UNITED STATES OF AMERICA

    Plaintiff

vs.

PAMELA R. ANDERSON

    Defendant
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2625.00, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $3581.69, plus interest thereafter on this principal from January 4, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $6206.69, plus interest at 8.00 percent per annum on the principal amount of $2625.00, from January 4, 2000

to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __14__ day of __January__, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619378
Fax No. 3055307195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA
CERTIFICATE OF INDEBTEDNESS

Name: Pamela R. Anderson
AKA: N/A
Address: 725 NW 7th Ave.
Hallandale, FL 33009
SSN:   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

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/4/98.

On or about 1/3/89 the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First America Savings Bank D/B/A MAHELP at 8 percent interest per annum. This loan obligation was guaranteed by Nebraska Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et.seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and, credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 1/1/92 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,906.88 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 1/22/98, assigned its right and title to the loan(s) to the Department.

Since the assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payment, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,625.00 |
| Interest: | $ 3,336.94 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of : 11/4/98 | $ 5,961.94 |

Interest accrues on the principal shown here at the rate of $ .58 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _____   Name: _____
Title: Loan Analyst
Branch: Litigation Branch


GOVERNMENT EXHIBIT A

CFD 7/8/92

Application/Promissory Note                                                                                                   GSL

**WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.**

SECTION I - TO BE COMPLETED BY STUDENT BORROWER    Type or print clearly with a ballpoint pen. Read the instructions carefully.

| 1. Social Security Number | 2. Last Name | First | M.I. | 3. Birth Date (Mo./Day/Yr.) |
|---|---|---|---|---|
| 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 | Anderson | Pamela | R | 10-18-72 |

| 4. Home Area Code/Telephone Number | 5. Permanent Home Address Street | City | State | ZIP Code + 4 |
|---|---|---|---|---|
| (305) 454-0041 | 725 N.W. 7 Ave | Hallandale | FL | 33009 |

6. U.S. Citizenship Status
- [X] (a) U.S. Citizen, National or related status
- [ ] (b) Eligible Noncitizen (See instructions)
- [ ] (c) Neither a nor b (See instructions)
Alien Registration #

7. Driver's License Number _____ State _____

8. State of Legal Residence: FL  Since 1972

9. Have you ever defaulted on an educational loan? (See instructions)  [ ] Yes  [X] No

11. Intended Enrollment. (See instructions.)
- [X] Full-time
- [ ] At least half-time
- [ ] Less than half-time

12. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level?  [ ] Yes  [X] No

13. What period do you want this loan to cover?
From: (Mo./Yr.) 9-89    To: (Mo./Yr.) 10-89

10. Requested Loan Amount: $2625.00/HK

14. While in School, You Intend To Live ("X" One)  [ ] With Parents  [ ] On Campus  [X] Off Campus
Address _____ S/A _____ Phone _____ S/A

15. Major: MA (Use Code on page 5 of Instructions.)

**DOUBLE SIDED**

16. Do you have any outstanding GSL, FISL, PLUS, SLS, ALAS debts?  [ ] Yes  [X] No

| Name of Lender | City & State of Lender | Unpaid Balance & Interest Rate | Loan Period Begin | End | Loan Type GSL, FISL, PLUS etc. | Student Grade Level |
|---|---|---|---|---|---|---|
| — | — | — | — | — | — | — |

17. (a) Endorser (if any) Parent or Guardian (Circle one)
Name: Teri Owens
Address: 2728 Plunkett St
City, State, ZIP: Hallandale FL 33009
Phone-H: 305-454-0041   W: 305-452-5000

(b) Adult Relative, Friend or Separated Parent (Circle one)
Name: Fuzie Jones
Address: 801 NW 7 St #1
City, State, ZIP: Hallandale FL 33009
Phone-H: 305-452-1011   W: 305-457-1000

(c) Other Adult Relative or Friend (Circle one)
Name: Gloria Bell
Address: 609 NW 7 Ave
City, State, ZIP: Hallandale FL 33009
Phone-H: 704-456-2279   W: 305-Student

**PROMISSORY NOTE FOR A NSLP GUARANTEED STUDENT LOAN**

I and any endorser PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B, a sum certain equal to the loan amount I have requested in Section I, Item 10 of the application for a GSL Loan above, which is hereby incorporated by reference into this Promissory Note to the extent that it is advanced to me, plus interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address of which you notify me.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including guarantee and origination fees under the terms and conditions of this Promissory Note and Disclosure Statement. I further understand and agree that if the sum in the Disclosure Statement is less than the sum stated in this note that I am obligated to repay the sum stated in the Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION/PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREED TO BOTH THE BORROWER CERTIFICATION ON ITS REVERSE SIDE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES ON PAGE 6. (PROMISSORY NOTE CONTINUES ON REVERSE SIDE.)

18a. Signature of Borrower: Pamela Anderson    Date: 1-31-89
18b. Signature of Endorser (if any): _____   Date: _____

**SECTION II - TO BE COMPLETED BY SCHOOL**

| 19. Name of School | City | State | ZIP Code + 4 | 20. For School Use | 21. School Code | Branch I.D. |
|---|---|---|---|---|---|---|
| MIAMI TECHNICAL COLLEGE  14701 N.W. 7th Avenue  North Miami, Florida 33168 | | | | 001 | 021547 | |

22. Address Street: (see above)

23. Area Code/Telephone Number: (305) 688-8811

24A. Loan Period (Mo./Day/Yr.)
From: 2/13/89   To: 10/5/89

24B. Borrower Enrollment
- [X] Full-time
- [ ] At least half-time
- [ ] Less than half-time

25. Borrower Grade Level
Correspondence  0 [ ]
Undergraduate   1[X] 2[ ] 3[ ] 4[ ] 5[ ]
Graduate/Professional  6[ ] 7[ ] 8[ ] 9[ ]

26. Dependency Status
- [X] Dependent
- [ ] Independent

27. Anticipated Graduation Date (Mo./Day/Yr.): 2-1-90

28. Estimated Cost of Education for Loan Period: $8561
29. Estimated Financial Aid for Loan Period: $2200
30. Expected Family Contribution for Loan Period: 700
31. Difference (Item 28 minus Items 29 and 30): $5661
32. Amount School Approves: $2625

33. My signature certifies that I have read and agreed to the School Certification on the reverse side.
Signature of School Official: _____
Print Name & Title: Iona Cardena FAO    Date: 2/24/89

34. Suggested Disbursement Dates (Mo./Day/Yr.)
1. _____
2. _____
3. _____

**SECTION III - TO BE COMPLETED BY LENDER**

35. Name of Lender: First America Savings Bank D/B/A MAHELP

36. For Lender Use

37. Scheduled Disbursement Amounts and Dates (Mo./Day/Yr.)
1. $1313    3-15-89
2. $1312    5-3-89
3. $_____

38. Address: 400 Lashley P.O. Box 820   City: Longmont   State: CO   ZIP Code + 4: 80501

39. Area Code/Telephone Number: (303) 678-5222

40. Signature of Authorized Lending Official: Kirk Frank
41. Lender Code: 830374
42. Print or Type Name and Title: Kirk Frank
43. Date (Mo./Day/Yr.): 3-3-89
44. NSLP USE

45. List current borrower indebtedness at your institution (see instructions)
GSL/FISL: FX    PLUS/SLS/ALAS: FX

Total $: 2625

Promissory Note (continued from Application/Promissory Note)

**When Note Becomes Due:** I will repay this loan in periodic installments during a repayment period that will begin no later than the day after the last day of my grace period, that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During, however, I may request that my repayment period begin on an earlier date.

**Interest:** (1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum is paid in full. (2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment if I am determined to qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL(s) but I do have an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, and (b) beginning with the fifth year of my repayment status, will be identified on the Disclosure Statement. (6) I may also receive rebates of interest if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with policies of NSLP.

**Guarantee Fee:** If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guarantee agency to obtain insurance coverage for this loan. The lender will deduct this premium proportionately from each disbursement of principal on this loan.

**Origination Fee:** If required to do so by the lender, I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. The lender may deduct this fee from the proceeds of the loan.

**Default and Acceleration:** Default means the failure ... [text obscured] ... Promissory Note under circumstances where ... failure persists for (1) 180 days for a l... Secretary or the NSLP finds it reasonable to con... ... declare the entire unpaid amount of the lo... payable in monthly installments; or (2) 240 day ... information about the default; (3) I wil... ... including interest, immediately due and payable; ... ...ork-Study, State Student Incentive Gr... eligible to receive assistance from any of the f... ... Loans; and (4) I will be ineligible for ... Perkins Loan (formerly called National Direct Stu... ...errals described under Deferment and Interest

**Collection Costs-Late Charges:** If I fail to pay any ... ...y's fees - that are permitted by Federal ... ... conditions for the collection of these amoun... ...ctices Act. I will pay those collection co... which do not exceed 25 percent of the unpaid pri... ...rge if I fail to pay all or part of a requi... installment payment within 10 days after it is du... ...ed as described under Deferment in ... Promissory Note. A late charge may not exceed $...

**Prepayment:** I may, at my option and without pen... rebate of any unearned interest that I h... paid.

**Additional Agreements:** (1) The proceeds of this l... ... y Note. (2) Any notice required to be g... ...n, including my Disclosure Statement, will be ... ...ny endorser. (3) Your failure to enforc... ...essential. I comply with any terms of this Note is ... (4) If NSLP is required under its guara... ...to repay my loan(s) because I have defaulted, NS... ...der to enforce this Note against me. (5) ... loan will be cancelled if I die or become totally and ... ...er holder of this Note. (7) The endors... ...s signs the Promissory Note in the capacity of t... ...mand, presentment for payment, notic... ...demand, protest, and notice of protest, and ac... withstanding any deferment in accorda... ...in Section I of this Promissory Note or modifi... 3. ...

**Deferment:** You will let me pay interest only, if suc... my repayment period has begun if I am... ...in default and I can provide you with written evide... ...sibilities. I must notify my lender when... ...condition entitling me to the deferment no longer... ...ptions.

**Repayment in Installments:** I will repay the total ... ...d in Paragraph E. in which case the en... ...outstanding principal balance plus any unpaid int... ...ragraph B, you will send me a Repayn... ...Disclosure which shows the repayment terms tha... this Note. The Repayment Disclosure... ...fore all loans I have received from you under th... ...ayments for a period of not less than 5 ... ...ore than 10 years after this Note becomes due, n... ...I may agree to a repayment period th... ...shorter than 5 years. However, I may at any time ... ...ars. My total payments for any year of ... ...repayment period for all my GSL, PLUS and SLS... ...e on any GSL, PLUS or SLS Loan (o... ...balance of all such loans plus accrued interest, if...

**Credit Bureau Notification:** If I default on this lo... ...ay significantly and adversely affec... ...ability to obtain other credit. If I default on this... ...out the default will be disclosed to c... ...bureau organizations unless I enter into repaymen... ...epayment status of this loan to any c... ...bureau organization and must make a timely resp... ...und completeness of information repo... ...about me. If not otherwise prohibited by law, the...

**Borrower Rights and Responsibilities:** Before si... ... on page 6 of this booklet.

**Transfer of Note:** This Note may be transferred to ... ...arties as set forth herein. I will be no... ...of any such transfer in writing.

---

## ASSIGNMENT OF PROMISSORY NOTE

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of NSLP, Nebraska Student Loan Program, Inc., without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party against the undersigned; and
   b) the undersigned is in compliance with the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and NSLP, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by NSLP.
   c) warrants that to the extent it has knowledge of any insolvency proceeding it has disclosed the same to NSLP.

2. Acknowledges that:
   a) upon payment in full by NSLP of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, NSLP will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by NSLP of the undersigned's claim and acceptance by NSLP of transfer of this instrument in consideration thereof, NSLP has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE: *Kevin P. Flynn*    DATE: 7/6/92

NAME: KEVIN FLYNN    TITLE: CLAIMS PROCESSOR

---

**Borrower Certification**

I declare under penalty of perjury under the laws of th... ...information contained in Section I of application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due to up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution(s), subsequent holder(s), U.S. Department of Education, NSLP, or their ag... ...to disclose to other educational institutions for any purpose permitted by law, any information requested by such persons pertinent to this loan (e.g., employment, enrollment status other aspects of my student loan borrowing history). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period cov... by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educati... ...expenses related to attendance at that school for the loan period stated in Item 24A. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, P... ... as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Basic Grant, Supplemental Educational Opportunity Gra... State Student Incentive Grant that I received to attend any school and am not now in default on a Perkins Loan (formerly National Direct or Defense Student Loan), Guaranteed Student L... Federally Insured Student Loan, PLUS Loan, SLS Loan, or an ALAS Loan for attendance at any school. I further authorize my lending institution to issue a check covering the proceeds of my l... ...n, or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II. I have read and understand the "Stateme... Borrower's Rights and Responsibilities" supplied with this application. I also certify that I am not enrolled in an elementary or secondary school during the loan period covered by this applica... I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, late charges, and other inform... pertinent to my loan(s). I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application/Promissory Note, the information o... Disclosure Statement applies.

**School Certification**

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student, is in good standing and is making satisfactory progress in a pro... ...determined to be eligible for the Guaranteed Student Loan Program. I further certify (for periods of enrollment beginning on or after July 1, 1987) that this student is enrolled or accepte... enrollment in a degree or certificate program. Based on records available to me, I further certify that this student is neither in default nor owes a refund with respect to financial assistance ... Title IV of the Higher Education Act of 1965, as amended, for attendance at this or any school, and that the information provided in Section II is true, complete, and correct to the best of knowledge and belief. I certify that based upon records available at this institution this student has satisfied the requirements under the Selective Service Act necessary to receive financial... I further certify that I have determined the eligibility or ineligibility for a Pell Grant.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

PAMELA R. ANDERSON

MAGISTRATE JUDGE
TURNOFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

B-Broward 00-CV-6076 DLG Turnoff

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | B[ ] 630 Liquor Laws | | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 640 R.R. & Truck | A PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers Liability | | B[ ] 650 Airline Regs | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans Excl. Veterans | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA 1395ff | [ ] 892 Economic Stabilization Act |
| | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | | FEDERAL TAX SUITS | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | | A[ ] 871 IRS - Third Party 26 USC 7609 | A OR B |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | |
| | | B[ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4)(d)

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 6,206.69 + interest & costs
CHECK YES only if demanded in complaint
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____
DOCKET NUMBER _____

DATE 1/14/00
SIGNATURE OF ATTORNEY OF RECORD
MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____